IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUIS RAMOS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 1:10-CV-0853-CAP-AJB |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| C.K.S. PACKAGING, INC, JEFF ) | |
| ELBON AND DREW SEWELL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## BARRETT & FARAHANY'S RESPONSE TO PLAINTIFF'S OBJECTIONS REGARDING ORDER ON MOTION FOR SETTLEMENT

DR 4-101 (C) (4) rule holds that "a lawyer may reveal the confidences or secrets necessary to establish or collect his fee or to defend himself or his employees or associates against an accusation of wrongful conduct." (emphasis added).  The policy considerations applicable to this situation are stated in Hyde v. State, 70 Ga App. 823, at 827:

> "Where an attorney's fidelity as to a transaction has been attacked, with the imputation that he has been unfaithful to the interest of his client, it would be a harsh rule to permit testimony by the client in a cause, spread upon the public record, of this character, and not to permit the attorney to explain. The rule is settled by all the authorities that in litigation between the client and his attorney, the attorney, of course, has the right to make a full disclosure bearing upon the litigation, for the purpose of defending his property rights; the defense of character, where

1

publicly attacked is just as important, and to some more so, than property rights; it would violate a principal of natural justice and inherent equity to say that the right of the attorney's defense is merged in a privileged communication when the client himself makes a public accusation (the relationship between client and attorney, having been private as to that particular matter, has become public by the act of the client) the spirit of the rule ceases when the client charges fraud. By making the attack in his unsworn statement upon the character and professional conduct of the attorney, the defendant waived his right to have their transactions considered as privileged (Code, 38-419), and the attorney was competent to give testimony to show that he did not act basely in the transaction, as his one-time client claimed. And it was not error to permit the attorney to testify to facts so far as necessary to defend his character, notwithstanding the rule against the disclosure of confidential communications between attorney and client."

State Disciplinary Board, Advisory Opinion No. 27, November 21, 1980

However, a lawyer must reveal no greater information that is necessary to explain the conduct at issue. Georgia Rules of Professional Conduct, Rule 1.6 (confidentiality of information). Regardless, "neither the fact that the attorney communicated with his client, nor that subsequently the client acted under advice of counsel, nor the date that the attorney communicated with the client, is excluded as privileged." *Rylee v. Bank of Statham,* 7 Ga.App. 489 (1910).

Accordingly, the undersigned responds to this Court's order with the attached declaration in light of the attorney-client privilege, the undersigned's ethical duties of confidentiality and the permissible scope of

information that an attorney may reveal, and limits this information to only what is reasonably necessary to respond to her client's objection to the settlement.

 Respectfully submitted this 21st day of March, 2011.

s/Amanda A. Farahany___
Amanda A. Farahany
Georgia Bar No. 646135

**BARRETT & FARAHANY, LLP**
1401 Peachtree Street
Suite 101
Atlanta, GA 30309
(404) 214-0120

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LUIS RAMOS, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | 1:10-CV-0853-CAP-AJB |
| v. | ) | |
| | ) | |
| C.K.S. PACKAGING, INC, JEFF ELBON AND DREW SEWELL, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the BARRETT & FARAHANY'S RESPONSE TO PLAINTIFF'S OBJECTIONS REGARDING ORDER ON MOTION FOR SETTLEMENT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Margaret S. Hanrahan
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>One Ninety One Peachtree Tower
>191 Peachtree St, N.E., Suite 4800
>Atlanta, GA  30303

This 21st day of March, 2011.

>s/Amanda A. Farahany\_\_\_
>Amanda A. Farahany
>Georgia Bar No. 646135

**BARRETT & FARAHANY, LLP**
1401 Peachtree Street
Suite 101
Atlanta, GA 30309