IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUIS RAMOS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 1:10-CV-0853-CAP-AJB |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| C.K.S. PACKAGING, INC, JEFF ) | |
| ELBON AND DREW SEWELL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**BARRETT & FARAHANY'S RESPONSE TO ORDER TO SHOW CAUSE ON PLAINTIFF LOUIS RAMOS' MOTION TO REVOKE SETTLEMENT**

COME NOW, Barrett and Farahany, LLP files this Brief in Response to this Court's Order to Show Cause ("Brief"), urging this Court to uphold its prior Order approving the parties' Settlement Agreement ("Agreement") in the above referenced action and dismissing this case with prejudice.

As the Defendant explained in their Response to Order to Show Cause on Plainitff Louis Ramos' Motion to Revoke Settlement, there are at least three independent reasons as to why the Court should not vacate its prior order. The Defendant's Brief succinctly explains the reasons why the Court should not vacate

1

its prior order, but some additional information may serve to clarify the events leading to Plaintiff Ramos signing and accepting the settlement agreement.

During settlement discussions in mid-February 2011, Plaintiff's attorney Amanda Farahany reviewed the federal court bankruptcy docket and discovered that Plaintiff Ramos had filed a bankruptcy petition on January 26th, 2011. After examining the petition, it was determined that Plainitff Ramos had stated that he was not a party to any lawsuit or administrative proceeding (Attachment A to Ct. Doc. No. 55, Barrett and Farahany's Response to Plaintiff's Objections, pg. 2).

First, Attorney Farahany proceeded to contact Plaintiff Ramos to inform him of the situation. Attorney Farahany then contacted Ramos' bankruptcy attorney and advised the bankruptcy attorney of these proceedings and asked the bankruptcy attorney to discuss the issue with the bankruptcy trustee and advise her on the proper procedure to amend Ramos' petition. Based on her communication with Plainitff's bankruptcy attorney, she learned that unless Ramos chose not to pursue his bankruptcy, he was only entitled to $5398 of any proceeds from this lawsuit (Attachment A to Ct. Doc. No. 55, Barrett and Farahany's Response to Plaintiff's Objections, pg. 3).

Plaintiff Ramos and Attorney Farahany communicated back and forth by telephone and electronic mail discussing the proposed settlement agreement and

the affect his bankruptcy petition would have on his recovery. Ramos approved the settlement including the amount of attorneys' fees, and instructed the undersigned that he would not be dismissing his bankruptcy. Attorney Farahany then contacted Ramos' bankruptcy attorney to inform him to amend Plaintiff Ramos' bankruptcy petition accordingly (See attachment B to Ct. Doc. No. 55, Barrett and Farahany's Response to Plaintiff's Objections showing the email correspondence between Ramos and Farahany). Once Mr. Ramos decided that he would be pursuing his bankruptcy, the underlying claims herein became the property of the bankruptcy, not Mr. Ramos and Mr. Ramos no longer had the decision making authority.

"It is well-settled that causes of action which have accrued prior to the bankruptcy become part of the bankruptcy estate." *In re Alvarez,* 224 F.3d 1273, 1278 n. 12 (11th Cir. 2000). "The bankruptcy trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate." *Parker v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir. 2004). Mr. Ramos, by and through his decision to pursue bankruptcy, no longer had any standing to make a decision about the FLSA or ADEA claims underlying this case.

On the 28th of February, 2011 Plaintiff Ramos appeared and testified at his bankruptcy hearing. After the hearing Attorney Farahany spoke with the bankruptcy trustee. The trustee informed her that he had approved the settlement and the exemption, and that Plaintiff Ramos had been approved to recover $5398 and the firm was entitled to recover a portion of its time in the case. (Attachment A to Ct. Doc. No. 55, Barrett and Farahany's Response to Plaintiff's Objections, pg. 4).

On March 3rd Plaintiff Ramos and Attorney Farahany met in her offices. Attorney Farahany had a translator available by telephone that called in and assisted Mr. Ramos for the duration of the meeting. Mr. Ramos was able to ask questions and get answers regarding the settlement and its legal implications in his native Spanish. Further, Mr. Ramos was specifically instructed about the ramifications of the bankruptcy and that the bankruptcy trustee, not him, now was to make the decisions in the case. After these discussions, Mr. Ramos signed the settlement and initialed each page. Ramos also signed an internal firm settlement memo approving the details of the settlement including attorneys' fees and expenses (Id.). Plaintiff Ramos had the proposed settlement explained to him in English and Spanish including what the affect of signing the settlement would have on his ability to further pursue his claims in court.

Accordingly, because the agreement was acceptable under the Older Worker's Benefit Protection Act and Plaintiff Ramos lacks standing to revoke the agreement because of his intervening bankruptcy protection the undersigned asks that the Court uphold its prior Order approving the parties' settlement agreement and dismiss this case with prejudice.

Respectfully submitted this 3rd day of May, 2011.

                                          s/Amanda A. Farahany\_\_\_
                                          Amanda A. Farahany
                                          Georgia Bar No. 646135

**BARRETT & FARAHANY, LLP**
1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUIS RAMOS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | 1:10-CV-0853-CAP-AJB |
| v. ) | |
| ) | |
| C.K.S. PACKAGING, INC, JEFF ) | |
| ELBON AND DREW SEWELL, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the BARRETT & FARAHANY'S RESPONSE TO ORDER TO SHOW CAUSE ON PLAINTIFF LOUIS RAMOS' MOTION TO REVOKE SETTLEMENT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Margaret S. Hanrahan
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> One Ninety One Peachtree Tower
> 191 Peachtree St, N.E., Suite 4800
> Atlanta, GA 30303

Luis Ramos
2437 Bulrush Court
Buford, GA  30519

This 3rd day of May, 2011.

                                        s/Amanda A. Farahany___
                                        Amanda A. Farahany
                                        Georgia Bar No. 646135