FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 2 6 2013

JAMES N. HATTEN, Clerk

Deputy Clerk

# IN THE UNITES STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| **LUIS RAMOS,** | **Civil Action No.** |
| **Plaintiff,** | |
| **v.** | |
| **C.K.S. PACKAGING, INC,** | |
| **JEFF ELBON, DREW** | |
| **SEWELL , MARGARET  S.** | |
| **HANRAHAN,** of the firm Ogletree, | |
| Deakins, Nash, Smoak & Stewart, | |
| P.C. **Attorney for CKS Packaging** | **JURY TRIAL** |
| **Inc.,  and** | **DEMANDED** |
| **AMANDA FARAHANY** | |
| **Defendants.** | |

# MOTION TO REOPEN FILE DOCKET No. 1:10-CV-0853-CAP WHICH WAS CLOSED.

COMES NOW, Plaintiff Luis E Ramos as Pro Se litigant, under F.R.C.P. 60 (b) and file this Motion to Reopen File due to, after that, this Honorable close my case, I discovered fraud, deceit and coercion, and shows to this Honorable Court, the following facts, exhibits and evidences.

## EXHIBIT No 1

On March 2010 I file as Pro Se litigant a complaint under the Docket No. **1:10-CV-0853-CAP**, and the Honorable Court **OVERRULED my Case on May 18, 2011.**

## EXHIBIT No. 2

On July 11, 2011 I prayed to the Honorable Eleventh Court of Appeals let me emend my appeal. **On December 13, 2011 (Docket No.11-12617-FF) the above Decision was AFIRMED.**

## EXHIBIT No.3

The Clerk sent me a letter with the information I could file a Petition for Rehearing in Banc. On December 28, 2011, I filed a Petition for Rehearing in Banc but also it was **DENIED, grounded on Rule 35 on February 17, 2012. (11-12617-FF)**

**EXHIBIT No 4**

On May 3, 2012 I filed before The United States Supreme Court a Petition for a Writ of Certiorari and motion for leave to proceed in forma pauperis. **It was DENIED on October 1, 2012.**

I worked almost five year for CKS Packaging Inc. located in Atlanta GA as a shift supervisor, from November 16th 2004 to September 18th 2009. I am 68 years old. During this time I did not have any warning or any reprimand. They fired me and gave me a package as a Settlement Agreement and Release, but they did not pay me the total consideration, so I file as pro se a lawsuit before The District Court for the Northern District of Georgia, **ACTION No. 1:10-CV-0853-**

**EXHIBITS No. 5**

On November 2008 I had a heart attack and they made me an open heart surgery with three bypasses. When I back for working after my surgery I started to experiment too much weariness so I went to see my doctor and he referred me to a specialist, the Dr. Eduardo Molinary and he told me I had sleep apnea and he explained to me, this illness cause a stroke or a heart attack. On June 2009 I reported to CKS about this health problem but anyway the Dr. Molinary told me I would have a special test to confirm the illness. On July 11th 2009, it was a Saturday; I slept in the WellStar Hospital for this test. The next Monday I reported to CKS the confirmation about my sleep apnea. Since that

moment one of the owners, Drew Sewell and my supervisor the Tulane plant manager, Jeff Elbon, changed their behaviors with me. Jeff Elbon told me that Ricky Black, his assistant, will be transferred to my shift just for help me with the excuse I was ill. Since Ricky Black started to work with me, all the time he was harassing me. I reported five times by email about his hostility, but CKS did nothing. I realized they wanted me I quit. When I told to CKS I would not quit, then they made the decision of fire me, just few days after my doctor; Dr. Molinay diagnosed my sleep apnea.

**EXHIBIT No. 6**
Through internet I contacted the law firm Barrett & Farahany. Ms. Amanda Farahany invited me to her office. When I showed my case she told me "you have a case and I would like to represent you" I accepted and we signed a representation agreement on March 26th 2010, with a contingent fee of 40%.

**EXHIBIT No. 7**
Ms. A. Farahany filed the first emend before the District Court, where I filed my case. Her second action was to make a claim to CKS for unpaid overtime for $79,524.22 plus her fees. The Attorney Amanda Farahany told, me we can challenge the severance agreement due to a breach of contract, because they did not pay the total of consideration. The best demonstration CKS recognized the breach of contract is they showed me another settlement through the attorney Farahany that is the same I am challenging now.

**I cannot understand how my ex-counselor resolved my case for $30,000.00 when she claimed $79,524.22 just for unpaid overtime, plus her fees.**

Starting February 2011 the attorney Ben Kandy from Barrett & Farahany called me for asking if I was available on 22nd of that month to have a meeting whit the CKS attorneys. I responded, "of course I will, but if you attend me in that meeting and he responded", "Do not worry we will with you".

### EXHIBIT No. 8

On February 15th 2011 I received an email from Ben Kandy from Barrett & Farahany to:

Luis Ramos

"Mr. Ramos, looking forward to seeing at 2:00 pm tomorrow at our new offices. we are now at 1100 Peachtree St. NE, Suite 500, Atlanta, GA 30309. It is only a few block from our old offices and is between 12th and 14th streets."

here is a link to a map

*Benjamin B. Kandy, Attorney at Law*
Barrett & Farahany, LLP
1100 Peachtree Street, Suite 500
Atlanta, GA 30309
Phone: (404) 214-0120 / Fax: (404) 214-0125
*www.bf-llp.com*

I thought this meeting was to prepare the other meeting with the CKS attorneys. I was wrong. The attorney Farahany just asked me if I filed a Bankruptcy case, I responded, yes I filed Chapter 7 and I sent to you an email on October 2010 to Paul Sherman (another attorney that was replaced for Ben Kandy) and your paralegal Marilyn D Schmitt. Ms. Farahany asked me: Was I copied on this email, or did it only go to Paul and Marilyn? No because you assigned these people for help me in my legal case. Later she said, "We have a problem to get a settlement with the CKS because to hide an asset under Bankruptcy is a felony. I let you know what we can do."

## I don't know why this meeting with the CKS attorneys was cancelled!

**EXHIBIT No. 9**
On October 6th 2010 I reported to Barrett & Farahany about my Bankruptcy case:

From: Luis E Ramos [mailto:lerman21@bellsouth.net]
Sent: Thursday, March 03, 2011 1:17 PM
To: Amanda A. Farahany
Subject: Re: Still confused
Ms. Amanda, I sent an email to Paul and copy for Marilyn. This was I responded to your question about bankruptcy.

My question is, way I was not advised about the impact in my lawsuit if I file a bankruptcy case? Thanks,

## Questions from Barrett & Farahany on 10/06/2011

"Are you currently in bankruptcy or thinking about filing bankruptcy? <u>YES</u>

What court did you file for bankruptcy? IN PROCESS – MACEY & ALEMAN ATTORNEYS, CASE # 1740726 TELEPHONE 1-888-303-0431

Luis

**EXHIBIT No. 10**
Email from Amanda Farahany on February 24, 2011 to Luis Ramos.

*"Luis, It was a pleasure to speak with you today. Thank you so much for your kind words and wishes for my birthday.*

*As you requested, I'm putting into writing the different options you have right now. We have resolved your case for $30,000, but, because of the bankruptcy, **<u>it poses a problem in how we can distribute the funds to you.</u>***

***<u>I have spoken with your bankruptcy lawyer, and she has spoken with the bankruptcy trustee</u>** (False)* and you have an exemption in the bankruptcy that would allow you to get *$5398 and still continue forward with the bankruptcy. She tells me that your bankruptcy is approximately $17,000. You should check with her to make sure that the Bank of American loan is included in the bankruptcy, as you told me that the loan was approximately $60,000 in addition to the $17,000 in credit card and other debt. **<u>This route has been approved by the bankruptcy attorneys and the bankruptcy trustee.</u>***

*(False) Your other option is to dismiss your bankruptcy and take $18,000 from the settlement. You will still be responsible for your debts, however, as you will have dismissed bankruptcy. Let me know what you want to do and we will proceed accordingly. I hope you are feeling better and get over your cold too."*

## EXHIBIT No.11

On February 24th 2011 Ms. Farahany sent me this email:

*"No, the total settlement is for $30,000. When we charge you on the contingency basis the 40%, your portion is $18,000 and our fees are $12,000. If we charge on an hourly basis, we have $28,000 in fees, but we would reduce it so that you would get $5398.*

*You can't get more than the $5398 from the settlement, because it has to go through the bankruptcy. If we pay you more, it will go into the bankruptcy to reduce the debt in the bankruptcy. It can't be used to pay bills outside of the bankruptcy, because we have to tell the bankruptcy trustee the total amounts.*

*Why isn't your car included? I thought your bankruptcy attorney said the cars were included in it..."*

*Amanda A. Farahany*

Barrett & Farahany, LLP
We have moved offices as of January 28, 2011. Please update your records to:
1100 Peachtree Street, Suite 500

Atlanta, GA 30309

On March 3rd 2011 Ms. Farahany made an appointment for me, and I had a surprise when she showed me a settlement made with the CKS attorneys. When I read it I showed her my frustration but she told me I had to sign it because I approved it and she had the authority to make the settlement. Yes, I approved it because I thought I did not have another option. She told me, under bankruptcy process law it is a felony to hide assets and I would have to dismiss my Bankruptcy case.

**EXHIBIT No. 12**
From: Luis E Ramos [mailto:lerman21@bellsouth.net] Sent: Thursday, February 24, 2011 2:56 PM
To: Amanda A. Farahany
Subject: Re: Settlement

"Ms. Amanda I agree to the settlement leaves the bankruptcy in place. In other words I do not want to dismiss the bankruptcy process. I glad if I can pay some money to my creditors and the most important thing is; I TRUST YOU TOTALLY."

I was wrong.......

In the meeting of March 3/11 Ms. Farahany ratified, I have just the two options as she said before: get $5,398.00 and keep my bankruptcy case or to take $18.000.00 and dismiss my Bankruptcy case. Later I knew, that I had another option that was to change of mind and reject the settlement when I read it but I was frustrated and stressed. Ms. Farahany knew I could not dismiss my Bankruptcy because I lost my house and Bank of

America would pursue me for the mortgage, the houses have lost price in the market. Really I was scare to lose the Bankruptcy for my mortgage reason and I signed the settlement agreement basically because according to the attorney Farahany, both my Bankruptcy attorney, as well as my Trusty approved this route. My ex counselor told me "if you have any doubt do not see another attorney, call me because I am your attorney". Moreover I was to stressed and sick. (On June 2011 in the Gwinnet Hospital Center the Dr. Marc Unterman from Cardiovascular Group put me two stents in my heart.)

The same day I signed the agreement I sent her the following email revoking this settlement but she did not explain to me why I could not revoke this document.

**EXHIBIT No. 13**
From: Luis E Ramos [mailto:lerman21@bellsouth.net]
Sent: Thursday, March 03, 2011 7:07 PM
To: Amanda A. Farahany
Cc: Marilyn D. Schmitt; Ben Kandy
Subject: Agreement

Ms. Amanda,

Regarding the Agreement I signed this morning in your office, joint of the attorney Ben Kandy. This Agreement is between CKS Packaging Inc. and I. In this case CKS is represented by the attorney Margaret S. Harahan of the law firm Ogletree, Deakins, Nash, Smoak & Steward. P.C. I want let you know I revoke this Agreement. I signed this

document and I let you know I left the date space in blank and you responded that it doesn't matter.

I am consulting my bankruptcy lawyer about this case, because the day of the bankruptcy hearing the lawyer that was representing to me, reported to the judge that I had a claim for unpaid overtime salaries and discrimination and work harassment. This attorney told to the judge it suppose the attorneys Barrett and Farahany reported to that court my claims. The Judge (The Trustee) said he did not remember any phone call about this matter, but anyway the bankruptcy attorney let the Judge (The Trustee) knows and he had any objection.

I am sending an email to my bankruptcy attorney consulting this case.

Please let me know the address of CKS attorney Ms. Margaret S. Hanrahan, to let her know I revoke this Agreement. The document, I mean the Agreement does not show Ms. Hanrahan address.

My health condition are too bad and I don't know about my future, but in the worse of cases my children will contact to you about my case.

Thanks for your cooperation and I wait for the attorney address I am asking you.

 Luis E Ramos

**EXHIBIT No. 14**
Ms. Amanda Farahany responded:

*Luis -*

*"As we discussed this morning, it is inappropriate for you to contact the attorney for CKS. I have noted that you would like additional time to review the agreement with your family and that we will meet with you and your family next week to further discuss it. No further actions are being taken at this time regarding the settlement, pursuant to your request that you be given the additional time contemplated in the agreement.*

*I hope you are feeling better and I look forward to talking to you on Monday."*

*Amanda A. Farahany*

**EXHIBIT No. 15**
My daughter Diana Ramos sent this email to Ms. Amanda Farahany:

From: Diana Ramos [mailto:dianaramos99@hotmail.com]
Sent: Monday, March 07, 2011 12:12 PM
To: Amanda A. Farahany
Subject: About Luis Ramos Case

Mrs. Amanda,

"I am Mr. Luis Ramos daughter and I have learned about his case with you and his bankruptcy process. My father is very sick today and unable to walk. He has been submitted to take several medical tests.

We are waiting for a response from my father's bankruptcy attorneys regarding a consultation he made, and we will talk to you when he gets this answer. If you want to meet with us my only available time is during the week around noon.

I hope you allow enough time to father to make any decision. For now, my father has informed you by email on March 3rd 2010 that he revoked the agreement he signed in your office for the CKS Packaging Inc attorney."

Sincerely,

Diana Ramos.

**EXHIBIT No. 15-A**
Ms. Amanda Farahany responded to my daughter:

*Diana -*

*"I am sorry to hear about your father. He is a lovely man and I am so sorry to hear about his increasing sickness.*

*I am happy to meet with you both whenever he is able to meet and at noon, for your convenience.*

*Please know, however, that once your father authorized the settlement, the signing of the agreement was simply a __formality__. I was authorized to agree to*

*the settlement, and did so on his behalf. The written agreement simply is a reflection of our settlement. He testified about the settlement to the Bankruptcy Trustee during the bankruptcy hearing, and thus his settlement was approved by the court. His claim was included in the bankruptcy. There is no revocation of the agreement permissible. In addition, once the agreement was signed (and before he sent me his email), it was submitted to the Court for approval. The Court has approved the agreement.*

*__I am happy to get the bankruptcy attorney on the phone to answer his questions. His attorney is more likely to respond to my call than to his email, and so I'm happy to facilitate that occurrence so that it all happens jointly and everyone questions can be answered.__*

*Let me know when you'd like to meet, and please let your father know that he is in my thoughts."*

Amanda A. Farahany

Barrett & Farahany, LLP

*We have moved offices as of January 28, 2011. Please update your records to:*
*1100 Peachtree Street, Suite 500*
*Atlanta, GA 30309*
*Our phone number and fax number remain the same.*

(404) 214-0120 (404) 214-0125 fax www.bf-llp.com

My ex-counselor did not want to explain to me why I would fail if I appeal for revoking the settlement, in fact that happened. My appeal was DENIED.

## EXHIBIT No.s 16-
The CKS attorney Ms. Margaret Santen Hanrahan sent a letter to me letting me know I had ten days to withdrawal my appeal or they would ask to the Court I were sanctioned because my appeal contains false statement of fact and I was violating the Rule 11. In the beginning I was scare but later I thought I have been proceeding in good faith and claiming my rights.

## EXHIBIT 16-A
The CKS attorneys filed a Motion for Damages and Costs for Frivolous Appeal against me, but the Court DENIED their Motion, on December 13th 2011.

The attorney Farahany did not discuss with me previously anything about the settlement and details.

## EXHIBIT No. 17
Mr. Robert Trauner was designed as Trustee by the **Bankruptcy Court Northern District of Georgia Atlanta Division**, for my Case **No. 11-52140-MGD.**

**EXHIBIT No. 18A**
On April 18th 2012 as response of my request the Trustee of my Bankruptcy case wrote:

"I regret that there is nothing I can do for you at this time as the bankruptcy case has been closed for some time. I do recall speaking to the attorney who is handling your discrimination case (I don't remember her name). My only purpose in speaking to her was to determine if your complaint had potential value to your creditors. I concluded that the case had little value after consideration of the attorney fees and expenses, your entitlement to an exemption and the taxable consequences of any recovery. I suggest you contact Chris Tang, bankruptcy counsel, who may assist you, or file a complaint with the appropriate bar association".

**EXHIBIT No. 18-A**
Again the Trustee wrote at the next day:

"I am not sure of what you are saying about having to dismiss your bankruptcy case. If the ultimate recovery would have resulted in something for your creditors, I would have not abandoned the complaint. In such event, you would have been entitled to a $10,000 exemption allowance after payment of your attorneys fees and expenses. The remainder would have been administered for your creditors. However, as the proposed settlement

would not have resulted in something for the creditors, I informed the attorney that I would take no further interest in the case".

The Trustee did not approve **"this route"** and I had not to dismiss my Bankruptcy case for taking the $18.000.00 if it were the case as I wrote to Amanda Farahany:

*"I wanted to pay my creditors as much as possible, so if she would let me to take the $18.000.00 I would have to talk with my Bankruptcy attorney and see the Trustee and he would make the decision about it."*

Several months later I realized that my Bankruptcy attorney from Macey & Aleman did not approved **this route** as Ms. Amanda Farahany said; by the contrary my Bankruptcy attorney on April 19th 2012 sent me an affidavit as attachment, which I am submitting to the Honorable Court:

### EXHIBIT No. 19, 19a, and 19b, Bankruptcy attorney Affidavit.

*"I, Paula Lee, resident of Fulton county, state of Georgia make the following statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts, and things set forth are correct and true to the best of my knowledge. I am an attorney with Macey Bankrutpcy Law licensed to practice in GA. (GA Bar # 487965).*

*Mr. Luis E. Ramos and his wife Maria Ramos retained the services of our firm, Macey Bankruptcy Law P.C. to file a bankruptcy case in August 17, 2009. Their case was filed on*

*January 26, 2011 in the Northern District of Georgia and a discharge was granted on May 17, 2011, closing the case. (Case #11-52140)*

*A potential settlement agreement was disclosed in their bankruptcy petition as a personal asset and exempted. Under Ga. Code Ann. Section 34-9-84, workers compensation benefits are 100% exempted in the bankruptcy.*

*During the course of the bankruptcy, we were not contacted by Mr. Ramos' workers compensation attorney regarding his claim. We called and left a message on February 2011, but could not reach anybody. If we had, we would have explained that the amount Mr. Ramos could receive would not be liquidated by the U.S. Trustee, because of the GA exemption".*

This means Ms. Amanda Farahany lied, cheated me to take more money from the settlement and maybe something else.

I trusted my attorney Amanda Farahany and for this reason I believed she was saying the true, but several months later I knew she was cheating me. She did not advise me about my rights and regulations, reason way I made mistakes when I revoked the settlement.

I invoke to the Honorable Court considerer the following reasons to demonstrate the bad faith of my ex-counselor:

Ms. Farahany knew I had a Bankruptcy case from October 6th 2010 and the last minute she said:

"We have resolved your case for $30,000, but, because of the bankruptcy, it poses a problem in how we can distribute the funds to you."

She said the Trustee and my Bankruptcy attorney approved ***this route*** concerning the distribution of the settlement money, 82% for her. Additionally, Ms. Farahay was overbold, when she told us (my daughter and I) that my Bankruptcy attorneys and the Trusty of my Bankruptcy case that they approved the **route.** She insisted that we would go to her office, and she could make a phone call to my bankruptcy lawyer and as well I would confirm that everything the Ms. Farahany had told me was true. This is not consistent with the my bankruptcy attorney affidavit. Therefore, Ms. Farahany lied and deceived me.

She lied because the Trustee and the Bankruptcy attorney neither said that, in accordance with the emails of the Trustee and the Bankruptcy attorney affidavit that I am submitting for your consideration. (Exhibit Ns. 18, 18A and 19).

My ex-counselor did not discuss previously with me the amount of settlement and details. My ex-counselor committed, **Transactions Made by Deceit** and broke several common laws, regulations and rule, 3-107 of State Bar of Georgia and American Bar Association

ABA rule 8.4. (c) **"Engage in conduct involving dishonesty, Fraud, deceit or misrepresentation."**

My ex-counselor just gave me two options, but I had another option; to refuse the settlement.

I told to my ex-counselor I would like to pay my debts, but she was insisting on her position to get around $25.000.00 for her, despite the representation agreement we signed. This argument of Ms. Farahany is inappropriate because I signed the representation agreement with her on contingent fee of 40%.

Ms. Farahany wrote:

**"If we charge on an hourly basis, we have $28,000 in fees, but we would reduce it so that you would get $5398."**

I hoped from my counselor support and she advise me, that this settlement were not convenient for me and let me reject it, by the contrary she told me I should to sign it. I am sure my ex-counselor pushed me over the edge to get I signed the settlement. That behavior is not consistent with the State Bar Rules of Georgia. If the Defendants argue they did not exert any kind of coercion on me to sign the settlement, because my ex-counselor was who showed me the settlement, this document is also a CONTRACT and in accordance with the law, civil codes of the most States of the United States, and

Common Law, this settlement is subject to the similar rules mentioned in OWBPA under Title VII, the ADA about "knowing and voluntary" "whether it was induced by fraud, duress, undue influence, or other improper conduct by the employer". Furthermore

My ex-counselor also exerted coercion on me to take more money from the settlement; she charged almost 82% for fee, instead of 40%.

I beg the Honorable Court declare invalid and no enforceable the settlement agreement that I am challenging in this file, and order to my ex-counselor Amanda Farahany get back the money of the settlement agreement that do not belong to her in accordance with the agreement representation I signed with her. I trusted my ex-counselor totally and she took advantage on me because my English is not too good and I made several mistakes when I filled my claims before the Courts as pro se because I have not enough money, to pay an attorney.

I beg to the Honorable Court accept my petition in concordance with the evidences I am submitting. If the society cannot trust the attorneys, we are lost.

I let know the Honorable Court I am filing a complaint against Ms. Amanda Farahany before the State Bar of Georgia due to fraud, deceit, coercion and misrepresentation.

I wanted to submit this file before, but I had a heart attack, and among the Gwinnett Hospital, NorthSide Hospital and home convalescence, I have been unable for more than three months.

Respectfully submitted,

Luis E Ramos
Pro Se litigant
2452 Bancroft Way, Buford GA. 30519
Phone number (678) 468-4809
E-mail: lerman21@bellsouth.net

# Certificate of Interested Persons and Corporate Disclosure Statement

## IN THE UNITES STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## MOTION TO REOPEN FILE DOCKET No. <u>1:10-CV-0853-CAP</u> WHICH
## WAS CLOSED.

(1) The undersigned counsel of record for a party to this action certifies that
the following is a full and complete list of all parties in this action, including any parent
corporation and any publicly held corporation that owns 10% or more of the stock of a
party:

(2) The undersigned further certifies that the following is a full and complete
list of all other persons, associations, firms, partnerships, or corporations having either a
financial interest in or other interest which could be substantially affected by the outcome
of this particular case:

(3) The undersigned further certifies that the following is a full and complete
list of all persons serving as attorneys for the parties in this proceeding:

### C.K.S. PACKAGING, INC.

### DREW SEWELL

### JEFF ELBON

**MARGARET S. HANRAHAN,** of the firm Ogletree, Deakins, Nash, Smoak &

Stewart, P.C. **Attorney for CKS Packaging Inc.,** and

**AMANDA FARAHANY**

Submitted this 26 of July, 2013.

Luis E Ramos
Pro Se litigant
2452 Bancroft Way, Buford GA. 30519
Phone number (678) 468-4809
E-mail: lerman21@bellsouth.net

# IN THE UNITES STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

I hereby certify that on July 26, 2013 I served a true and correct copy of the foregoing

## MOTION TO REOPEN FILE DOCKET No. <u>1:10-CV-0853-CAP</u> WHICH WAS CLOSED.

with first class postage prepaid, has been deposited in the U.S. Mail and properly addressed to the persons whose names and addresses are listed below:

to the following attorneys: **<u>Margaret S. Hanrahan,</u>** of the firm **<u>Ogletree, Deakins, Nash, Smoak & Stewart, P.C in representation of CKS Packaging Inc. at:</u> One Ninety One Peachtree Tower 191 Peachtree St. NE, Suite 4800 Atlanta, GA 30303, and Amanda Farahany at Barrett & Farahany, LLP 1100 Peachtree Street, Suite 500 Atlanta, GA 30309**

s/ Luis Ramos
Luis Ramos

Signature

# EXHIBITS

## EXHIBITS

No. 1- Honorable Court for the Northern District of Georgia. My case on May 18, 2011: was OVERRULED.

No. 2- Honorable Eleventh Court of Appeals AFIRMED the above Decision.

No. 3- Honorable Eleventh Court of Appeals My Petition for Rehearing in Banc was DENIED on February 17, 2012.

No. 4- Letter from Supreme Court of the United States. Office of the Clerk. My Petition for writ certiorari was DENIED on October 1, 2012.

No. 5- Diagnostic of Dr. Molinary about my Sleep Apnea on September 10, 2009.

No. 6- Representation Agreement between Amanda Farahany and Luis Ramos, on March 26th 2010, with a contingent fee of 40%.

No. 7- Letter from Amanda Farahany to CKS Packaging Inc. claiming unpaid overtime salaries.

No. 8- Email from Attorney Ben Kandy from Barrett & Farahany on February 15, 2011.

No. 9- Email from Luis Ramos to Amanda Farahany on March 3, 2011 about my Bankruptcy case.

No. 10- Email from Amanda Farahany to Luis Ramos, on February 24, 2011. She let me know, they resolve my case for $30,000; and makes comments about my Bankruptcy case.

No. 11- Email from Amanda Farahany to Luis Ramos, on February 24, 2011-

Ms. Amanda explain to me the distribution of the settlement agreement money. In spite of the representation agreement, she took for her around of 82% of the settlement agreement.

No. 12- Email from Luis Ramos to Amanda Farahany, on February 24, 2011.- I let know Ms. A. Farahany, I did not want to dismiss my Bankruptcy and I want to pay some money to my creditors and I trusted her totally.

No. 13- Email from Luis Ramos to Amanda Farahany, on March 3, 2011 revoking the settlement agreement.

No. 14- Email from Amanda Farahany to Luis Ramos, on March 3, 2011- Ms. Amanda says it is inappropriate I contact the CKS' attorneys.

No. 15- Email from Diana Ramos (My daughter) to Amanda Farahany.-

No. 15A- Email from Amanda Farahany to Diana Ramos.-

No. 16- Letter from Ms. Margaret Santen Hanrahan to Luis Ramos.

No. 16A- Motion for Damages and Costs for Frivolous Appeal against me. The Court DENIED their Motion, on December 13th 2011.

No. 17- Mr. Robert Trauner designed as Trustee by the **Bankruptcy Court Northern District of Georgia Atlanta Division**, for my Case No. 11-52140-MGD.

No. 18 - Email from Mr. Robert Trauner on April 18, 2012
No. 18A- Email from Mr. Robert Trauner on April 19, 2012

No. 19 - Affidavit from the attorney Paula Lee from the Macey Bankruptcy Law, sent to me on April 19, 2012.


No. 19-a - Second page


No. 19-b- Third page

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LUIS E. RAMOS

    Plaintiff,

  v.

CKS PACKAGING, INC., JEFF
ELBON, and DREW SEWELL,

    Defendant.

CIVIL ACTION

NO. 1:10-CV-853-CAP

## O R D E R

This matter is currently before the court following an order
to show cause why the court should not vacate its previous order
approving the settlement and dismissal of this case [Doc. No. 57].
After having read and considered the responses of the plaintiff
[Doc. No. 60], the defendant [Doc. No. 59], and counsel for the
plaintiff [Doc. No. 62], the court concludes that an order vacating
the previous order approving settlement and dismissing this case is
inappropriate.

The basis for the court's show cause order was the plaintiff's
attempt to revoke the settlement agreement upon which dismissal of
his case was based and his citation to 29 U.S.C. § 646 (f), which
provides, in relevant part,

> (1) An individual may not waive any right or claim under
> this chapter unless the waiver is knowing and voluntary.
> **Except as provided in paragraph (2)**, a waiver may not be
> considered knowing and voluntary unless at a minimum—
> . . .
> (G) the agreement provides that for a period of at least
> 7 days following the execution of such agreement, the

Accordingly, the plaintiff's argument that subparagraph (G) provides him a basis to revoke the agreement is misplaced.

After a review of the settlement agreement [Doc. No. 50-1], it is apparent to the court that the provisions of subparagraphs (A) through (E) have been met and that the plaintiff was given a reasonable amount of time to consider the settlement agreement in that he was given fourteen days to review it with the option to extend the review period to 21 days, all while being advised by counsel [Doc. No. 50-1, ¶ 13]. Accordingly, the plaintiff's objections to the settlement and dismissal of this case [Doc. No. 52] are OVERRULED, and the court's previous order [Doc. No. 51] will not be disturbed.

SO ORDERED, this 18th day of May, 2011.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

3

# EXHIBIT 2

[DO NOT PUBLISH]

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2011
JOHN LEY
CLERK

No. 11-12617
Argument Calendar

D.C. Docket No. 1:10-cv-00853-CAP

LUIS E. RAMOS,

Plaintiff-Counter Defendant-Appellant,

versus

CKS PACKAGING, INC.,
JEFF ELBON,
DREW SEWELL,

Defendants-Counter Claimants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

(December 13, 2011)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Luis Ramos, proceeding *pro se*, appeals the district court's order overruling

his objections to the settlement of his age and disability employment action

brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12112(a) and

12203(a) ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C.

§ 623(a)(1) and (d) ("ADEA"), and the Fair Labor Standards Act, 29 U.S.C. § 216

("FLSA"). Before the district court, Ramos argued that he was entitled to revoke

the settlement of his employment action because, under the Older Workers Benefit

Protection Act of 1990 ("OWBPA"), he had a seven-day window to revoke the

agreement from the time of its execution. On appeal, Ramos argues instead that

his decision to settle the employment action was the result of the undue influence

and economic duress of his prior counsel. Ramos does not raise an argument in

his initial appellate brief regarding any right to revoke the agreement under the

OWBPA.

CKS Packaging, Inc., Jeff Elbon, and Drew Sewell (collectively, "CKS"),

argue that the district court did not err in overruling Ramos's objections because,

*inter alia*, Ramos waived the argument he raises on appeal by failing to raise it

before the district court. CKS has also moved for sanctions against Ramos, which

will be addressed by separate order.

We review a district court's decision to enforce a settlement agreement for

an abuse of discretion. *Hayes v. Nat'l Serv. Indus.*, 196 F.3d 1252, 1254 (11th Cir. 1999). However, we will generally only review claims that have been raised before the district court. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598-99 (11th Cir. 1995). In addition, although we will construe *pro se* briefs liberally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Because Ramos failed to raise in the district court, the claim he makes on appeal, concerning the undue influence and economic duress of his prior counsel, Ramos has waived that issue and we will not consider it on appeal. *Resolution Trust Corp.*, 43 F.3d at 598-99. Additionally, Ramos has also abandoned the issues he raised in the district court by failing to raise them in his initial appellate brief. *See Timson*, 518 F.3d at 874.

Accordingly, upon review of the record and the parties' briefs, we affirm.

**AFFIRMED.**

# EXHIBIT 3

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT

No. 11-12617-FF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

FEB 17 2012

JOHN LEY
CLERK

LUIS E. RAMOS,

Plaintiff - Counter Defendant - Appellant,

versus

CKS PACKAGING, INC., JEFF ELBON,
DREW SEWELL,

Defendants - Counter Claimants - Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

ON PETITION(S) FOR REHEARING AND PETITION(S) FOR REHEARING EN BANC

BEFORE: BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

The Petition(s) for Rehearing are DENIED and no Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure), the Petition(s) for Rehearing En Banc are DENIED.

ENTERED FOR THE COURT:

UNITED STATES CIRCUIT JUDGE

ORD-42

# EXHIBIT 4

## Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

**William K. Suter**
Clerk of the Court
(202) 479-3011

October 1, 2012

Mr. Luis E. Ramos
2437 Bulrush court
Buford, GA  30519

Re:  Luis E. Ramos
     v. CKS Packaging, Inc., et al.
     No. 11-10194

Dear Mr. Ramos:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*William K. Suter*

**William K. Suter**, Clerk



# EXHIBIT 5

## MARIETTA PULMONARY MEDICINE

*Pulmonary Disease • Critical Care Medicine • Sleep Disorders*
*Clinical Research • Interventional Bronchology*

James S. Daniel, M.D., FCCP
Wesley R. Bray, M.D., FCCP
William T. Dowdell, M.D., FCCP
Mark Schlosberg, M.D., FCCP
Laura Peno-Green, M.D., FCCP
Hitendra K. Patel, M.D., FCCP
Alan R. Muster, M.D., FCCP
Neelima Kothari, M.D.
Nora C. Hurt, M.D.
Medel A. Reyes, M.D., FCCP
Eduardo J. Molinary, M.D., FCCP

September 10, 2009

RE: Luis Ramos

To Whom It May Concern:

This is to certify that Mr. Luis Ramos suffers from obstructive sleep apnea syndrome as documented on an overnight polysomnographic study performed at the Douglas Hospital Sleep Disorders Center on 07/11/2009. His respiratory disturbance index was mildly elevated to an index of 9.2 events an hour (normal less than 5 events an hour). This increased to severe levels during his REM stage sleep to an index of 46.3 events an hour. Maximum oxygen desaturations to a nadir of 86%.

He is now requiring therapy with nasal CPAP. With such therapy, he has experienced significant decrease in his daytime tiredness/sleepiness complaints as well as increase in his level of energy.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely yours,

Eduardo J. Molinary, M.D.

EJM:pe

**Kennestone Office**
55 Whitcher Street
Suite 420
Marietta, GA 30060

**Cobb Office**
South Cobb Medical Center
1680 Hospital South Drive
Austell, GA 30106

**Paulding Office**
176 Marietta Highway
Building A
Hiram, GA 30141

Phone (770) 422-1372 • Fax (770) 423-9651
www.mariettapulmonary.org

# EXHIBIT 6

## REPRESENTATION AGREEMENT BETWEEN
## BARRETT & FARAHANY, LLP AND CLIENT

### 1.    INTRODUCTION

This Agreement is entered into *March 26, 2010* by and between *Luis Ramos* (hereinafter called the "client") and Barrett & Farahany, LLP (hereinafter called the "attorney") to represent client's interests in recovering damages for violations of the Fair Labor Standards Act and recovery of overtime.

### 2.    ATTORNEYS FEE

Client agrees to pay the legal fee in the amount equal to forty percent of any recovery on behalf of client. If there is no recovery, no fee shall be payable to the attorneys. However, client shall be responsible for litigation expenses in all cases.

### 3.    RECOVERY OF ATTORNEY FEES

If the defendant pays an amount for client's attorney fees, the attorney will be entitled to the amount paid for attorneys fees or to forty percent of the total recovery, whichever is greater.

If a settlement offer has been made on the case, and the Client subsequently terminates the relationship, Attorney is entitled to forty percent of that settlement offer, regardless of recovery.

### 4.   CO-COUNSEL ARRANGEMENT

Client agrees that Barrett & Farahany, LLP may retain other attorneys to participate in the representation of any or all of their claims. Client understands that representation by additional attorneys and/or firms in their claims will not alter the above stated fee agreement, and that all attorneys fees will be split among the attorneys and/or law firms.

### 5.   TERMINATION DUE TO "LACK OF MERIT"

Client understands that attorneys will investigate client's claim, and if at any time in the sole good faith judgment of the attorney it does not appear to have merit, then attorneys shall have the right to terminate this agreement. "Merit" may include attorney's evaluation of liability, damages, expenses, and/or collectibility of a potential judgment.

## 6.  ABSENCE OF GUARANTEED RECOVERY

No promise or representation has been made by the attorneys as to the outcome of the claim or as to what amounts, if any, client will be entitled to recover in this case.

CLIENT:

ATTORNEYS:  Barrett & Farahany, LLP

by:

Attorney at Law

EXHIBIT 7

# BARRETT
## *Farahany* LLP

April 15, 2010

**<u>Via U.S. First Class Mail</u>**

Charles K. Sewell, CEO
C.K.S. Packaging, Inc.
445 Great Southwest Pkwy SW
Atlanta, GA  30336

Re:     **Luis Ramos**
        **Notice of Representation**
        **Confidential Offer of Settlement and Compromise**

Dear Mr. Sewell:

This is to you advise you that I have been retained by Luis Ramos to investigate a Fair Labor Standards Act violation case arising out of his employment with C.K.S. Packaging, Inc. at the Tulane plant. Please do not contact Mr. Ramos regarding issues related to his employment situation. Kindly direct any further communications directly to me.

From information and documents I have reviewed regarding my client's employment with your company, it appears that C.K.S. Packaging, Inc. has systemically violated the Fair Labor Standards Act ("FLSA") §7, 29 U.S.C. §207, by failing to pay overtime wages for non-exempt work Mr. Ramos and others performed in excess of forty (40) hours in each workweek while employed by your company.   More specifically, from 4/12/2007 through 9/18/2009, Mr. Ramos worked overtime that was not reimbursed.

Although C.K.S. Packaging, Inc. generally paid Mr. Ramos for up to 58 hours per week, including up to 18 hours of overtime paid at 1.5 times his hourly rate, Mr. Ramos worked an average of an additional 11.5 hours per week "off the clock." These hours primarily occurred before and after his scheduled shifts at the plant. For example, in a given week, Mr. Ramos would generally arrive at the plant more than one hour prior to his shift to properly transition the plant from the first shift Plant Supervisor, but he was told not to clock in until the start of his shift. Mr. Ramos would then usually stay more than one hour after his shift to complete the transition to the third shift Plant Supervisor, but he was told to clock out at the end of his scheduled shift. Mr. Ramos worked these unpaid hours six days per week.

1401 PEACHTREE STREET, N.E.
SUITE 101
ATLANTA, GA 30309

TEL: (404) 214-0120
FAX: (404) 214-0125
WWW.BF-LLP.COM

During these additional hours, Mr. Ramos was told by Drew Sewell, Vice President, not to clock in early or clock out late even though he spent these hours performing work activities prior to and after his scheduled shift. Mr. Ramos was even praised on a performance review for his pre-shift safety inpections. According to Mr. Ramos, other C.K.S. Packaging, Inc. employees were also warned against clocking in early or clocking out late even when performing work activities prior to or after their scheduled shift at the plant.

Based on these "off the clock" hours, Mr. Ramos worked at least 1,391.5 unreimbursed hours of overtime. During this time, Mr. Ramos worked at an hourly rate of $19.05 per hour. The number of unpaid overtime hours has been adjusted to reflect five weeks of medical leave taken by Mr. Ramos in 2008. Accordingly, from my calculations based on documents provided by Mr. Ramos, C.K.S. Packaging, Inc owes Mr. Ramos $39,762.11 ($19.05 x 1.5 (overtime differential) x 1,391.5 hours) in unpaid overtime wages plus FLSA mandated liquidated damages in an amount equal to $39,762.11 and attorneys' fees to date of $7,500.00. Accordingly, let this letter represent a demand for C.K.S. Packaging, Inc to reimburse Mr. Ramos for all unpaid overtime wages and liquidated damages in the amount of $79,524.22 ($39,762.11 in back wages and $39,762.11 in liquidated damages as allowed under the FLSA) and attorneys' fees to date of $7,500.00.

We would prefer to resolve this dispute without litigation. If you have information that contradicts our client's case, we would appreciate knowing about it now.

I thank you in advance for your courtesy. I will contact you in the next week to discuss a resolution of these claims.

Yours very truly,

Paul J Sharman
Attorney at Law

cc: Luis Ramos

# EXHIBIT 8

## Luis E Ramos

**From:** "Ben Kandy" <benk@bf-llp.com>
**Date:** Tuesday, February 15, 2011 2:58 PM
**To:** <lerman21@bellsouth.net>
**Subject:** Appointment for tomorrow and new address

Mr. Ramos,

looking forward to seeing at 2:00pm tomorrow at our new offices.

we are now at 1100 Peachtree St. NE, Suite 500, Atlanta, GA 30309.
It is only a few block from our old offices and is between 12th and 14th streets.

here is a link to a map
http://maps.google.com/maps?
f=q&source=s_q&hl=en&geocode=&q=1100+Peachtree+Street,+Atlanta,+GA&aq=0&sll=37.0625,-
95.677068&sspn=51.04407,114.169922&ie=UTF8&hq=&hnear=1100+Peachtree+St+NE,+Atlanta,+Fulton,+Georg

**Benjamin B. Kandy, Attorney at Law**
Barrett & Farahany, LLP
1100 Peachtree Street, Suite 500
Atlanta, GA 30309
Phone: **(404) 214-0120** | Fax: **(404) 214-0125**
www.bf-llp.com

*Note: In the absence of an engagement agreement or contract of representation, no information contained in this email constitutes
an undertaking of representation or an expression of a binding legal opinion.*

CONFIDENTIALITY NOTE: The information contained in this message and all attachments is privileged and confidential information
intended only for the use of the individual or entity named above. If you are not the intended recipient, any review, use,
distribution, copying or forwarding of this message is strictly prohibited. If you have received this message in error, please
immediately notify us by email at benk@bf-llp.com and/or call the sender at (404) 214-0120, and please delete the original and all
*copies of the message.*

# EXHIBIT 9

**Luis E Ramos**

| | |
|---|---|
| **From:** | "Luis E Ramos" <lerman21@bellsouth.net> |
| **Date:** | Thursday, March 03, 2011 12:38 PM |
| **To:** | "Amanda A. Farahany" <amanda@bf-llp.com> |
| **Cc:** | <benk@bf-llp.com> |
| **Subject:** | Still confused |

Ms. Amanda,

On October 6th 2010 I reported to you I was in a Bankruptcy process and I let you know my number case and my lawyers. I send this email to Paul with copy to Marilyn, but you did not tell me anything about it.

I can not understand.


Luis

# EXHIBIT 10

**Luis E Ramos**

| | |
|---|---|
| **From:** | "Amanda A. Farahany" <amanda@bf-llp.com> |
| **Date:** | Thursday, February 24, 2011 10:28 AM |
| **To:** | <lerman21@bellsouth.net> |
| **Cc:** | "Ben Kandy" <benk@bf-llp.com> |
| **Subject:** | Settlement |

Luis,

It was a pleasure to speak with you today. Thank you so much for your kind words and wishes for my birthday.

As you requested, I'm putting into writing the different options you have right now. We have resolved your case for $30,000, but, because of the bankruptcy, it poses a problem in how we can distribute the funds to you.

I have spoken with your bankruptcy lawyer, and she has spoken with the bankruptcy trustee and you have an exemption in the bankruptcy that would allow you to get $5398 and still continue forward with the bankruptcy. She tells me that your bankruptcy is approximately $17,000. You should check with her to make sure that the Bank of American loan is included in the bankruptcy, as you told me that the loan was approximately $60,000 in addition to the $17,000 in credit card and other debt. If you continue with the bankruptcy, then you will be able to get $5398 in cash from this settlement and also discharge all your other debts. This route has been approved by the bankruptcy attorneys and the bankruptcy trustee.

Your other option is to dismiss your bankruptcy and take $18,000 from the settlement. You will still be responsible for your debts, however, as you will have dismissed bankruptcy.

Let me know what you want to do and we will proceed accordingly.

I hope you are feeling better and get over your cold too.

**Luis E Ramos**

# EXHIBIT 11

| | |
|---|---|
| **From:** | "Amanda A. Farahany" <amanda@bf-llp.com> |
| **Date:** | Thursday, February 24, 2011 2:29 PM |
| **To:** | "Luis E Ramos" <lerman21@bellsouth.net> |
| **Subject:** | RE: Settlement |

—— Original Message ——
**From:** Amanda A. Farahany
**To:** Luis E Ramos
**Sent:** Thursday, February 24, 2011 11:40 AM
**Subject:** RE: Settlement

No, the total settlement is for $30,000. When we charge you on the contingency basis the 40%, your portion is $18,000 and our fees are $12,000. If we charge on an hourly basis, we have $28,000 in fees, but we would reduce it so that you would get $5398.

You can't get more than the $5398 from the settlement, because it has to go through the bankruptcy. If we pay you more, it will go into the bankruptcy to reduce the debt in the bankruptcy. It can't be used to pay bills outside of the bankruptcy, because we have to tell the bankruptcy trustee the total amounts.

Why isn't your car included? I thought your bankruptcy attorney said the cars were included in it...

**Amanda A. Farahany**
**Barrett & Farahany, LLP**
*We have moved offices as of January 28, 2011. Please update your records to:*
*1100 Peachtree Street, Suite 500*
*Atlanta, GA 30309*

*Our phone number and fax number remain the same.*
**(404) 214-0120**
**(404) 214-0125 fax**
www.bf-llp.com

---

**From:** Luis E Ramos [mailto:lerman21@bellsouth.net]
**Sent:** Thursday, February 24, 2011 11:25 AM
**To:** Amanda A. Farahany
**Subject:** Re: Settlement

Ms. Amanda thanks for the explanation.

I have some comments:

When you say you have resolved my case for $30.000.00 you mean you already charged you fee of 40% and this $30.0000.00 are clean.

I included the Bank of America mortgage. When I returned my house to the bank (before they made me a foreclosure) the mortgage was $163.000.00 and this bank sold the house several months later by $110.000.00. The bankruptcy lawyer told me, the bank could persecute for the difference its means $53.000 and for this reason I would like to continue with the bankruptcy.

In this case can keep the $5.398.00? I have a debt with my car (not included in bankruptcy) and the balance is around $9.000.00 and I would like to pay this money to reduce this balance. As you know my social security benefit as retired is too low.

If I am wrong about this comments please let me know.

Thanks again.


Luis

**Luis E Ramos**

# EXHIBIT 12

| | |
|---|---|
| **From:** | "Luis E Ramos" <lerman21@bellsouth.net> |
| **Date:** | Thursday, February 24, 2011 2:55 PM |
| **To:** | "Amanda A. Farahany" <amanda@bf-llp.com> |
| **Subject:** | Re: Settlement |

Ms. Amanda I agree to the settlement, leave the bankruptcy in place. In other words I do not want to dismiss the bankruptcy process. I glad if I can pay some money to my creditors and the most important thing is; **I TRUST YOU TOTALLY.**

Regards,

Luis

**From:** Amanda A. Farahany
**To:** Luis E Ramos
**Sent:** Thursday, February 24, 2011 2:29 PM
**Subject:** RE: Settlement

I don't know enough about bankruptcy to know what the best way for you to deal with the car would be, but it would seem that by including the car and making the payments, you would be the best off.

Do you want me to agree to the settlement, leave the bankruptcy in place (but amend it to include your settlement) and have the funds disbursed to you with $5398? Or do you want to dismiss the bankruptcy and take the $18,000?

Amanda A. Farahany
Barrett & Farahany, LLP
*We have moved offices as of January 28, 2011. Please update your records to:*
*1100 Peachtree Street, Suite 500*
*Atlanta, GA 30309*

*Our phone number and fax number remain the same.*
**(404) 214-0120**
**(404) 214-0125 fax**
www.bf-llp.com

**From:** Luis E Ramos [mailto:lerman21@bellsouth.net]
**Sent:** Thursday, February 24, 2011 12:04 PM
**To:** Amanda A. Farahany
**Subject:** Re: Settlement

I understand about your fees I you deserve it. Regarding my car I understood the bankruptcy lawyer that I can include it, but if I do not pay the debt they can confiscate the car because it is the guarantee.

**Luis E Ramos**

## EXHIBIT 13

| | |
|---|---|
| **From:** | "Luis E Ramos" <lerman21@bellsouth.net> |
| **Date:** | Thursday, March 03, 2011 7:06 PM |
| **To:** | "Amanda A. Farahany" <amanda@bf-llp.com> |
| **Cc:** | "Marilyn D. Schmitt" <marilyn@bf-llp.com>; <benk@bf-llp.com> |
| **Subject:** | Agreement |

Ms. Amanda,

Regarding the Agreement I signed this morning in your office in company of the attorney Ben Kandy.

This Agreement is between CKS Packaging Inc. and I and in this case CKS is represented by the attorney Margaret S. Hanrahan of the law firm of Ogletree, Deakins, Nash, Smoak & Steward. P.C. I want let you know I revoke this Agreement. I signed this document and I let you know I left the date space in blank and you responded that it doesn't mater.

I am consulting my bankruptcy lawyer about this case, because the day of the bankruptcy hearing the lawyer that was representing to me, reported to the judge that I had a claim for unpaid overtime salaries and discrimination and work harassment. This attorney told to the judge it suppose the
attorneys Barret and Farahany reported to that court my claims. The judge said he did not remember any phonecall about this matter, but anyway the bankruptcy attorney let the judge knows and he had any objection.

I am sending an email to my bankruptcy attorney consulting this case.

Please let me know the address of CKS attorney Ms. Margaret S. Hanrahan, to let her know I revoke this Agreement. The document, I mean the Agreement does not show Ms. Hanrahan address.

My health condition are too bad and I don't know about my future, but in the worse of case my children will contact to you about my case.

Thanks for your cooperation and I wait for the attorney address I am asking you.


Luis E Ramos

**Luis E Ramos**

# EXHIBIT 14

| | |
|---|---|
| **From:** | "Amanda A. Farahany" <amanda@bf-llp.com> |
| **Date:** | Thursday, March 03, 2011 7:33 PM |
| **To:** | "Luis E Ramos" <lerman21@bellsouth.net> |
| **Cc:** | "Marilyn D. Schmitt" <marilyn@bf-llp.com>; "Ben Kandy" <benk@bf-llp.com> |
| **Subject:** | RE: Agreement |

Luis -

As we discussed this morning. It is inappropriate for you to contact the attorney for CKS. I have noted that you would like additional time to review the agreement with your family and that we will meet with you and your family next week to further discuss it. No further actions are being taken at this time regarding the settlement, pursuant to your request that you be given the additional time contemplated in the agreement.

I hope you are feeling better and I look forward to talking to you on Monday.

Amanda A. Farahany
Barrett & Farahany, LLP
*We have moved offices as of January 28, 2011. Please update your records to:*
*1100 Peachtree Street, Suite 500*
*Atlanta, GA 30309*

*Our phone number and fax number remain the same.*
(404) 214-0120
(404) 214-0125 fax
www.bf-llp.com

**From:** Luis E Ramos [mailto:lerman21@bellsouth.net]
**Sent:** Thursday, March 03, 2011 7:07 PM
**To:** Amanda A. Farahany
**Cc:** Marilyn D. Schmitt; Ben Kandy
**Subject:** Agreement

Ms. Amanda,

Regarding the Agreement I signed this morning in your office in company of the attorney Ben Kandy.

This Agreement is between CKS Packaging Inc. and I and in this case CKS is represented by the attorney Margaret S. Hanrahan of the law firm of Ogletree, Deakins, Nash, Smoak & Steward. P.C. I want let you know I revoke this Agreement. I signed this document and I let you know I left the date space in blank and you responded that it doesn't mater.

I am consulting my bankruptcy lawyer about this case, because the day of the bankruptcy hearing the lawyer that was representing to me, reported to the judge that I had a claim for unpaid overtime salaries and discrimination and work harassment. This attorney told to the judge it suppose the

attorneys Barret and Farahany reported to that court my claims. The judge said he did not

remember any phonecall about this matter, but anyway the bankruptcy attorney let the judge knows and he had any objection.

I am sending an email to my bankruptcy attorney consulting this case.

Please let me know the address of CKS attorney Ms. Margaret S. Hanrahan, to let her know I revoke this Agreement. The document, I mean the Agreement does not show Ms. Hanrahan address.

My health condition are too bad and I don't know about my future, but in the worse of case my children will contact to you about my case.

Thanks for your cooperation and I wait for the attorney address I am asking you.


Luis E Ramos

**Luis E Ramos**                    EXHIBIT 15

| | |
|---|---|
| **From:** | "Diana Ramos" <dianaramos99@hotmail.com> |
| **Date:** | Monday, March 07, 2011 12:12 PM |
| **To:** | "Luis E Ramos" <lerman21@bellsouth.net> |
| **Subject:** | FW: About Luis Ramos Case |

From: dianaramos99@hotmail.com
To: amanda@bf-llp.com
Subject: About Luis Ramos Case
Date: Mon, 7 Mar 2011 12:11:34 -0500

Mrs. Amanda,

I am Mr. Luis Ramos daughter and I have learned about his case with you and his bankruptcy process. My father is very sick today and unable to walk. He has been submitted to take several medical test.

We are waiting for a response from my father's bankruptcy attorneys regarding a consultation he made, and we will talk to you when he get this answer. If you want to meet with us my only available time is during the week around noon.

I hope you allow enough time to father to make any decision. For now, my father has informed you by email on March 3rd 2010 that he revoked the agreement he signed in your office for the CKS Packaging Inc attorney.

Sincerely,


Diana Ramos.

**Luis E Ramos**                    # EXHIBIT 15A

| | |
|---|---|
| **From:** | "Diana Ramos" <dianaramos99@hotmail.com> |
| **Date:** | Monday, March 07, 2011 3:45 PM |
| **To:** | "Luis E Ramos" <lerman21@bellsouth.net> |
| **Subject:** | FW: About Luis Ramos Case |

Subject: RE: About Luis Ramos Case
Date: Mon, 7 Mar 2011 12:20:00 -0500
From: amanda@bf-llp.com
To: dianaramos99@hotmail.com

Diana -

I am sorry to hear about your father. He is a lovely man and I am so sorry to hear about his increasing sickness.

I am happy to meet with you both whenever he is able to meet and at noon, for your convenience.

Please know, however, that once your father authorized the settlement, the signing of the agreement was simply a formality. I was authorized to agree to the settlement, and did so on his behalf. The written agreement simply is a reflection of our settlement. He testified about the settlement to the Bankruptcy Trustee during the bankruptcy hearing, and thus his settlement was approved by the court. His claim was included in the bankruptcy. There is no revocation of the agreement permissible. In addition, once the agreement was signed (and before he sent me his email), it was submitted to the Court for approval. The Court has approved the agreement.

I am happy to get the bankruptcy attorney on the phone to answer his questions. His attorney is more likely to respond to my call than to his email, and so I'm happy to facilitate that occurrence so that it all happens jointly and everyone questions can be answered.

Let me know when you'd like to meet, and please let your father know that he is in my thoughts.

**Amanda A. Farahany**
**Barrett & Farahany, LLP**
*We have moved offices as of January 28, 2011. Please update your records to:*
*1100 Peachtree Street, Suite 500*
*Atlanta, GA 30309*

# Ogletree
# Deakins

EXHIBIT 16

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

*Attorneys at Law*

One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone: 404.881.1300
Facsimile: 404.870.1732
www.ogletreedeakins.com

Margaret Santen Hanrahan
404.870.1743
maggie.hanrahan@ogletreedeakins.com

June 17, 2011

**VIA FEDEX and U.S. CERTIFIED MAIL**
Mr. Luis Ramos
2437 Bulrush Ct
Buford, GA 30519

RE: *Luis Ramos v. CKS Packaging, Inc., et al.*
USDC Northern District of Georgia, Atlanta Division
Civil Action No. 1:10-CV-0853-CAP-AJB

Dear Mr. Ramos:

We are in receipt of your "Notice of Appeals Pro Se Against Civil Order on May 18, 2011 of District Court for the Northern District of GA," filed on June 7, 2011.

As you know, the May 18, 2011 Order ("May Order") you are appealing overruled your prior objections to the Court's March 4, 2011 Order dismissing your case and approving the Settlement Agreement and General Release ("Settlement Agreement") you signed with CKS. The Court's May Order is well supported by the law and must be upheld. For the reasons discussed by the Court in its May Order, and as discussed more fully in CKS' and Barrett & Farahany's prior briefs,[1] the Agreement you signed with CKS is legally binding and enforceable. You have no legal or contractual right to revoke it.

Further, CKS has fully performed its obligations under the Settlement Agreement and issued you two checks pursuant to its terms in the amounts of $2,699.00 and $2,245.71, respectively. You have already cashed both checks. CKS also paid your attorneys the amount required under the Settlement Agreement on a separate check, which was also cashed. *See* attached cancelled checks.

With this letter, we are hereby putting you on Notice that we believe the principal arguments you make in your Appeal do not have any legal or factual support. Your Appeal also

---

[1] Please see Ct. Doc. Nos. 59 and 62.

Atlanta ▪ Austin ▪ Birmingham ▪ Bloomfield Hills ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Greensboro
Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ Los Angeles ▪ Memphis ▪ Miami ▪ Minneapolis ▪ Morristown ▪ Nashville ▪ New Orleans
Orange County ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland ▪ Raleigh ▪ St. Louis ▪ St. Thomas ▪ San Antonio ▪ San Francisco ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington



contains false statements of fact, all of which violates Rule 11 of the Federal Rules of Civil Procedure and could subject you to sanctions.[2]

We are therefore putting you on notice, following F.R.Civ.P. 11(c), that if you do not withdraw your Appeal within ten calendar (10) days of your receipt of this letter, we will ask the Court to award CKS all of the costs and fees it has incurred to date in responding to your Appeal. You will be <u>personally responsible</u> for paying all of these costs and fees if the Court grants our request.

We also intend to bring an action to recover <u>from you personally</u> all costs and fees incurred to date in moving to enforce the Settlement Agreement you signed with CKS, pursuant to Paragraph 19 of such Agreement. (*See* Paragraph 19, "Should such an action become necessary to enforce any provision(s) of this Agreement, . . . the prevailing party shall be entitled to his or its attorneys' fees incurred therein, in addition to costs and necessary disbursements.")

We understand that you filed your Appeal *Pro Se* and without counsel. However, the Federal Rules impose a duty on attorneys <u>and</u> individuals who are not represented by attorneys alike to ensure that any filings with the Court are brought in good faith and that any factual statements made are supported by the evidence. <u>Your Appeal doesn't meet either of these criteria.</u>

For example, some of the statements you made to the Court in your Appeal are clearly false, as established by the very documents you submit in support. For example, you state in your Appeal (for the first time), that you have not asserted an age claim in your lawsuit. (*See* p. 2 "my claim submitted to the District Court of Georgia was not on age discrimination.") You indicate that you "prove this affirmation" with your First Amended Complaint, attached as Exhibit 3.

However, the attached Exhibit 3, which contains the First Amended Complaint you personally signed on April 12, 2010, clearly includes an age discrimination claim. Specifically, Paragraph 2 of the First Amended Complaint that you attached reads:

> This action seeks damages for Defendants' discriminatory employment practices after Defendants learned that Plaintiff was suffering from a covered disability under the Americans with Disabilities Act (hereinafter "ADA") § 101(5), 42

---

[2] Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney **or unrepresented party** certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
. . .
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . ."



U.S.C. § 12111(5) **and Defendants' intentional discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.**[3]

Further, Section VII of your First Amended Complaint is entitled "**Discrimination Based on Age in Violation of the ADEA,**" and clearly proves that you asserted an age discrimination claim in your lawsuit.

We hope that you carefully consider this letter within the next ten days and understand the risks you face if you proceed with your Appeal. If you do decide to withdraw your Appeal, please let us know immediately, and in writing, so that we do not proceed with our Motion for Sanctions and/or contractual action for fees and costs.

Thank you for your time and assistance in this matter.

Sincerely,

Margaret Santen Hanrahan

MSH:slw

Enclosures

cc:    Malcolm McCarn, Esq.
        Amanda A. Farahany, Esq.
        C. Garner Sanford, Jr., Esq.

---

[3] "Et seq." in legal writing means "and the following" or and all other subsections. Thus, this includes subsections 622 and 623.

# EXHIBIT 16A

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 11-12617-FF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

DEC 19 2011

JOHN LEY
CLERK

LUIS E. RAMOS,

          Plaintiff-Counter Defendant-Appellant,

versus

CKS PACKAGING, INC.,
JEFF ELBON,
DREW SEWELL,

          Defendants-Counter Claimants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

Before: BARKETT, HULL and BLACK, Circuit Judges.

BY THE COURT:

    CKS Packaging, Inc., Jeff Elbon, and Drew Sewell's Motion for Damages and Costs for

Frivolous Appeal is DENIED.

# EXHIBIT 17



**IT IS ORDERED as set forth below:**

Date: March 01, 2011

*Mary Grace Diehl*
_____
**Mary Grace Diehl**
U.S. Bankruptcy Court Judge

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LUIS EDUARDO RAMOS, | : | CASE NO. 11-52140-MGD |
| | : | |
| Debtor. | : | |

### ORDER APPROVING TRUSTEE'S APPLICATION
### FOR EMPLOYMENT OF ATTORNEY

On March 1, 2011, Trustee filed an Application to Employ the firm of Robert Trauner, P.C. as Attorney for Trustee (the "Application") [Doc. No. 8]. No notice or hearing thereon is required. The Application shows that Robert Trauner, P.C. is disinterested and represents no interest adverse to the Trustee or the Estate and its employment as counsel would be in the best interest of the Estate for the services specified in the Application. For good cause shown, it is hereby

ORDERED that Trustee is authorized to employ Robert Trauner, P.C. as counsel for the Estate, subject to the objection of the U.S. Trustee to be filed within 21 days of the entry of this Order.

[END OF DOCUMENT]

SUBMITTED BY:

/s/ _____ Robert Trauner
ROBERT TRAUNER, Trustee
GA Bar No. 715800
Suite 700
1 Glenlake Parkway
Atlanta, GA 30328
678-638-6397
678-638-6398 (fax)
rtrauner9@gmail.com

## DISTRIBUTION LIST

United States Trustee
Room 362
75 Spring Street
Atlanta, GA 30303

Robert Trauner, Trustee
Suite 700
1 Glenlake Parkway
Atlanta, GA 30328

Christopher L. Tang, Esquire
Macey and Aleman PC
Suite 1625
225 Peachtree Street
Atlanta, GA 30303

16209041747018

**Luis E Ramos**

# EXHIBIT 18

| | |
|---|---|
| **From:** | "Robert Trauner" <rtrauner9@gmail.com> |
| **Date:** | Wednesday, April 18, 2012 9:04 AM |
| **To:** | "'Luis E Ramos'" <lerman21@bellsouth.net> |
| **Cc:** | <ctang@maceybankruptcylaw.com> |
| **Subject:** | RE: Help |

Mr. Ramos,

I regret that there is nothing I can do for you at this time as the bankruptcy case has been closed for some time. I do recall speaking to the attorney who is handling your discrimination case (I don't remember her name). My only purpose in speaking to her was to determine if your complaint had potential value to your creditors. I concluded that the case had little value after consideration of the attorney fees and expenses, your entitlement to an exemption and the taxable consequences of any recovery. I suggest you contact Chris Tang, bankruptcy counsel, who may assist you, or file a complaint with the appropriate bar association.

**From:** Luis E Ramos [mailto:lerman21@bellsouth.net]
**Sent:** Tuesday, April 17, 2012 2:57 PM
**To:** rtrauner9@gmail.con
**Subject:** Help

Mr. Trauner,

My name is Luis E Ramos, my wife and I attended to a hearing with you as the Trustee in our case of Bankruptcy at the end of February of this 2011. **Chapter 7 Case No. 11-52140-MGD**

In this hearing I asked you and the lady attorney who was representing to us from Macey & Aleman, if some attorney phone calls you or her about a settlement it suppose I will sign and if you approved this settlement.

You and the lady attorney responded nobody phone called about it and you said I have not approved any settlement.

The reason way I am writing this email is because I signed an agreement representation with an attorney with contingent fee of 40% for her but she took 83% of the settlement for her. She said due to I was in a Bankruptcy process it was a felony to hide assets, and you as the Trustee and my Bankruptcy attorney approved this route for me, so she could take 83% of fee. My ex-counselor made a settlement for $30.000.00 for my disability and she took $25.000.00 for her.

I have to let you know she (my ex-counselor) made this settlement without my previous authorization.

Macey & Aleman are sending to me a letter certificating they not receive any phone call from any attorney regarding my case and they did not approve any settlement.

I beg you to write a certification for me, if you agree about you approved or not this settlement or if you receive or not a phone calls from an attorney regarding my case.

My home phone number is (678) 568-2260 and my cell phone number is (678) 468-4809.

Of course I can talk to you by phone, but my English is not too good, I write and red much better I can speak.

12/15/2012

I appreciate your time and cooperation in this case.


Luis E Ramos

**Luis E Ramos**      <u>EXHIBIT 18A</u>

**From:**      "Robert Trauner" <rtrauner9@gmail.com>
**Date:**      Thursday, April 19, 2012 8:04 AM
**To:**      "'Luis E Ramos'" <lerman21@bellsouth.net>
**Subject:**    RE: Thanks

I am not sure of what you are saying about having to dismiss your bankruptcy case. If the ultimate recovery would have resulted in something for your creditors, I would have not abandoned the complaint. In such event, you would have been entitled to a $10,000 exemption allowance after payment of your attorneys fees and expenses. The remainder would have been administered for your creditors. However, as the proposed settlement would not have resulted in something for the creditors, I informed the attorney that I would take no further interest in the case.

**From:** Luis E Ramos [mailto:lerman21@bellsouth.net]
**Sent:** Wednesday, April 18, 2012 3:22 PM
**To:** rtrauner9@gmail.com
**Subject:** Thanks

Mr. Trauner, thank you for your quick reply. I think you comments will help me because my ex-counselor said you approved the settlement (this route) and beside she said if I took more money ($18.000.00 in accordance with the representation agreement) I had to dismiss my Bankruptcy case.

Thanks again,


Luis E Ramos

12/15/2012

# EXHIBIT 19

**Luis E Ramos**

| | |
|---|---|
| **From:** | "Natalie Galvez" <ngalvez@maceybankruptcylaw.com> |
| **Date:** | Thursday, April 19, 2012 3:18 PM |
| **To:** | "Luis E Ramos" <lerman21@bellsouth.net> |
| **Attach:** | ramos.doc |
| **Subject:** | Carta del abogada |

Senor Luis,

porfajor encuentre conjunto la carta del abogada lee. Si necesita algo mas dice que profavor dejar nos saber. Y mil disulpas por la tardancia


--

Thank you,


Natalie Galvez
Legal Assistant
Macey Bankruptcy Law P.C.
Willis Tower
233 Wacker Dr
Chicago, Illinois 60606-6369
312.467.0004 (ph)
312.467.1832 (fax)

Pay Your Attorney Fees Online!

Macey Bankruptcy Law is pleased to announce our new Client Payment Center. You can pay your pre-filing attorneys' fees via electronic bank transfer, third party credit card, or with your bank debit card. Please visit our website at https://www2.maceybankruptcylaw.com/crd/. You will need your record number and social security number to login. Thereafter, you can set up your automated payment! As always, filing fees need to be paid by money order or certified funds.

At Macey Bankruptcy Law, your satisfaction our # 1 priority. Thank you for choosing our law firm.

NOTICE OF CONFIDENTIALITY: This e-mail and its attachments, if any, are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this e-mail. If you have received this email in error, please notify the sender immediately by reply e-mail or telephone call to 1.312.467.0004 and delete this e-mail and any attachments from your computer system. The transmission of this message does not constitute the waiver of attorney-client or work product privilege.

12/15/2012

# EXHIBIT 19-a

IRS Circular 230 Notice:
To the extent that this communication concerns federal tax issues, this communication is not intended to be used and cannot be used by any taxpayer to avoid penalties.

Macey Bankruptcy Law is a debt relief agency helping people to file for bankruptcy relief under the bankruptcy code.



## General Affidavit

STATE OF: GEORGIA
COUNTY OF: FULTON

I, Paula Lee, resident of Fulton county, state of Georgia make the following statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts, and things set forth are correct and true to the best of my knowledge. I am an attorney with Macey Bankrutpcy Law licensed to practice in GA. (GA Bar # 487965).

Mr. Luis E. Ramos and his wife Maria Ramos retained the services of our firm, Macey Bankruptcy Law P.C. to file a bankruptcy case in August 17, 2009.
Their case was filed on January 26, 2011 in the Northern District of Georgia and a discharge was granted on May 17, 2011, closing the case. (Case #11-52140)

A potential settlement agreement was disclosed in their bankruptcy petition as a personal asset and exempted. Under Ga. Code Ann. Section 34-9-84, workers compensation benefits are 100% exempted in the bankruptcy.

During the course of the bankruptcy, we were not contacted by Mr. Ramos' workers compensation attorney regarding his claim. We called and left a message on February 2011, but could not reach anybody. If we had, we would have explained that the amount Mr. Ramos could receive would not be liquidated by the U.S. Trustee, because of the GA exemption.

Sincerely,

Paula Lee
Macey Bankruptcy Law
233 S. Wacker
Suite 5100
Chicago, IL 60607
888-743-5787
312-467-1832 (fax)

# EXHIBIT 19-a

IRS Circular 230 Notice:
To the extent that this communication concerns federal tax issues, this communication is not intended to be used and cannot be used by any taxpayer to avoid penalties.

Macey Bankruptcy Law is a debt relief agency helping people to file for bankruptcy relief under the bankruptcy code.



## General Affidavit

STATE OF: GEORGIA
COUNTY OF: FULTON

I, Paula Lee, resident of Fulton county, state of Georgia make the following statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts, and things set forth are correct and true to the best of my knowledge. I am an attorney with Macey Bankrutpcy Law licensed to practice in GA. (GA Bar # 487965).

Mr. Luis E. Ramos and his wife Maria Ramos retained the services of our firm, Macey Bankruptcy Law P.C. to file a bankruptcy case in August 17, 2009.
Their case was filed on January 26, 2011 in the Northern District of Georgia and a discharge was granted on May 17, 2011, closing the case. (Case #11-52140)

A potential settlement agreement was disclosed in their bankruptcy petition as a personal asset and exempted. Under Ga. Code Ann. Section 34-9-84, workers compensation benefits are 100% exempted in the bankruptcy.

During the course of the bankruptcy, we were not contacted by Mr. Ramos' workers compensation attorney regarding his claim. We called and left a message on February 2011, but could not reach anybody. If we had, we would have explained that the amount Mr. Ramos could receive would not be liquidated by the U.S. Trustee, because of the GA exemption.


Sincerely,

Paula Lee
Macey Bankruptcy Law
233 S. Wacker
Suite 5100
Chicago, IL 60607
888-743-5787
312-467-1832 (fax)