UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUIS E. RAMOS, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 1:10-CV-0853-CAP |
| CKS PACKAGING, INC., et al., | |
| Defendants. | |

**O R D E R**

This matter is before the court on the plaintiff's pro se motion to reopen this case [Doc. No. 76] and the defendants' motion to strike the name of defense counsel Margaret S. Hanrahan as a purported defendant in this matter from the caption of plaintiff's motion to reopen [Doc. No. 77].

As an initial matter, the court notes that the plaintiff has not filed a response to the defendants' motion to strike. Therefore, the court considers the motion unopposed. L.R. 7.1(B). Accordingly, and for the reasons stated in the defendants' brief in support of the motion, the motion to strike [Doc. No. 77] is GRANTED. Because of the realities of electronic filing, the court cannot remove Margaret S. Hanrahan's name from the plaintiff's filing as a means of implementing the motion to strike. The court does, however, officially

recognize that Hanrahan is not now a defendant in this case and has never before been a defendant in this case.

**I.     Background**

This is a closed case in which Luis E. Ramos sued his former employer, CKS Packaging, Inc. ("CKS") for disability discrimination under the Americans with Disabilities Act ("ADA"). Ramos retained Amanda A. Farahaney, with the firm Barrett & Farahaney, LLP as his counsel in this case. The parties reached a settlement agreement on February 21, 2011 for $30,000, which the court subsequently approved. On March 14, 2011, Ramos filed a pro se objection to the settlement agreement, arguing that his counsel had misled him during his contemporaneously filed bankruptcy petition, making the settlement agreement a "bad deal" for him. The court overruled Ramos's objection to the settlement on May 18, 2011, *see* [Doc. No. 63], and the United State Court of Appeals for the Eleventh Circuit affirmed this judgment on appeal.

Ramos has now filed the instant motion to reopen this case, again arguing that his counsel committed "fraud, deceit, coercion and misrepresentation" in conducting his case. Ramos has made no such allegations against the defendants.

## II. Ramos' Motion to Reopen the Case

### A. Legal Standard

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) requires that a motion under Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

In his motion, Ramos does not specify which subparagraphs of Rule 60(b) he is attempting to invoke to reopen this case. His motion states only that "this Motion to Reopen File due to, after that, this Honorable close my case, I discovered fraud, deceit and coercion . . . ." Pl.'s Motion to Reopen [Doc. No. 76 at 2]. Acknowledging Ramos's pro se status, the court gives this

3

statement a liberal construction by which it might indicate that Ramos is alleging newly discovered evidence pursuant to Rule 60(b)(2) or fraud, misrepresentation, or misconduct under Rule 60(b)(3). As discussed above, however, Rule 60(c) specifically provides that any motion seeking relief under subparagraphs (1), (2), or (3) of Rule 60(b) must be brought within one year of the entry of the judgment or order from the movant is seeking relief. Here, the court entered a dismissal on March 4, 2011, more than two years prior to the motion currently at issue, which Ramos filed on July 26, 2013.

Even if it was timely, Ramos's motion cannot be properly alleged under Rule 60(b)(3) because this ground is limited to fraud or other misconduct "by an opposing party." Fed. R. Civ. P. 60(b)(3). In his motion, Ramos does not allege any type of fraud, misrepresentation, or other misconduct by any opposing party in this case. Rather, Ramos' allegations focus entirely on his former counsel in this action, the law firm of Barrett & Farahaney.

Finally, Ramos has not shown exceptional circumstances warranting relief under Rule 60(b)(6), which allows the court to reopen a case for "any other reason that justifies relief." *Id.* at 60(b)(6). The grounds specified for relief in Rule 60(b) are mutually exclusive, and subparagraph 6 of the Rule cannot be invoked on any grounds covered under subparagraphs 1 through 5. *Klapprott v. United States*, 335 U.S. 601, 613 (1949); *Liljeberg v. Health*

*Services Acquisition Corporation*, 486 U.S. 847, 864 n.11 (1988). While subsection 6 does provide authority for the court to address circumstances of manifest injustice that are not explicitly covered by subsections 1 through 5, courts consistently hold that subsection 6 should be reserved for the most exceptional circumstances and should not be routinely invoked. The United States Court of Appeals for the Eleventh Circuit, observing Supreme Court authority on point, has held the following:

> It is well established, however, that relief under this clause [referring to Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202, 71 Sup. Ct. 209, 213, 95 L.Ed. 207 (1950). The party seeking relief has the burden of showing that absence of such relief, an "extreme" and "unexpected" hardship will result. *United States v. Swift & Co.* 286 U.S. 106, 119, 52 Sup. Ct. 460, 464, 76 L.Ed. 999 (1932).

*Griffin v. Swim-Tech Corporation*, 772 F.2d 677, 680 (11th Cir. 1984). Ramos has not stated any exceptional circumstances to warrant such extraordinary relief in this case, much less that he would experience any extreme or unexpected hardship absent relief. Ramos's entire argument is focused on his prior counsel, not the defendants in this closed case. Accordingly, the court finds no grounds to reopen this case against these defendants.

Finally, the defendants' have requested that the court require Ramos to file any further motions in this case with the court for *in camera* inspection

prior to allowing any such motions to be filed on the docket. The court declines to require this process for Ramos.

## III. Conclusion

The plaintiff's pro se motion to reopen this case [Doc. No. 76] is DENIED and the defendants' motion to strike the name of defense counsel Margaret S. Hanrahan from the caption of plaintiff's motion to reopen as a purported defendant in this matter [Doc. No. 77] is GRANTED.

**SO ORDERED** this 31st day of January, 2014.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge